UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MELVIN PRYOR, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No.  4:20 CV 1454 RWS |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## **MEMORANDUM AND ORDER**

This case is before me on Petitioner Melvin Pryor's motion to vacate, set aside, or correct sentence brought pursuant to 28 U.S.C. § 2255.  Pryor raises one ground for relief.  He argues that his guilty plea should be vacated in light of the United States Supreme Court's decision in Rehaif v. United States, 139 S.Ct. 2191 (2019).  I will deny Pryor's petition for the reasons explained below.

## **BACKGROUND**

Pryor pleaded guilty to one count of possessing a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1).  Because he had at least three prior convictions for violent felonies, Pryor qualified as an Armed Career Criminal under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1).  As a result, I sentenced him as an Armed Career Criminal to the statutory minimum term of 180 months imprisonment to be followed by 3 years of supervised release.  Pryor appealed,

1

challenging the application of the ACCA enhancement by arguing that two of his convictions—first-degree assault, in violation of Mo. Rev. Stat. § 565.050.1, and unlawful use of a weapon, in violation of Mo. Rev. Stat. § 571.030.1(4)—did not qualify as violent felonies under § 924(e).  The United States Court of Appeals for the Eighth Circuit affirmed his sentence.  See United States v. Pryor, 927 F.3d 1042 (8th Cir. 2019).  Pryor's conviction became final when the Supreme Court denied his petition for a writ of certiorari on March 9, 2020.  Pryor v. United States, 140 S.Ct. 1306 (2020).

On October 8, 2020, Pryor filed a motion for post-conviction relief pursuant to 28 U.S.C. § 2255.  He filed an amended motion on October 27, 2020, arguing solely that Rehaif provides the basis for overturning his sentence because the government did not prove that he knew of his status as a felon.

## LEGAL STANDARD

A motion to vacate, set aside, or correct a sentence requires the petitioner to show that his "sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). To obtain relief under § 2255, the petitioner must establish a constitutional or federal statutory violation constituting "a fundamental defect which inherently results in a complete miscarriage of justice."

United States v. Gomez, 326 F.3d 971, 974 (8th Cir. 2003) (quoting United States v. Boone, 869 F.2d 1089, 1091 n.4 (8th Cir. 1989)).

Generally, "the voluntariness and intelligence of a guilty plea can be attacked on collateral review only if first challenged on direct review." Bousley v. United States, 523 U.S. 614, 621 (1998). There are two exceptions to this rule. A federal court may hear a habeas petitioner's procedurally defaulted claim if the petitioner can show cause for the default and actual prejudice resulting from the alleged error. Davila v. Davis, 137 S.Ct. 2058, 2062 (2017). Alternatively, a federal court may adjudicate procedurally defaulted habeas claims that do not meet the cause and prejudice standard if the petitioner can show that such adjudication is necessary to avoid a fundamental miscarriage of justice. See Murray v. Carrier, 477 U.S. 478, 496 (1986).

## ANALYSIS

In Rehaif, the Supreme Court held that "[i]n a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." 139 S.Ct. at 2200. Litigation in Rehaif was ongoing while Pryor's case was pending on direct appeal before the Eighth Circuit; oral arguments were held in April 2019 and the decision was handed down on June 21, 2019, five days *before* United States v. Pryor.

Various circuit courts have held that the Supreme Court did not announce a new constitutional rule in Rehaif; rather, the Court "interpreted a statute and did not invoke any constitutional provision or principle." Tate v. United States, 982 F.3d 1226, 1228 (9th Cir. 2020); see also In re Palacios, 931 F.3d 1314, 1315 (11th Cir. 2019); United States v. Class, 930 F.3d 460, 469 (D.C. Cir. 2019). These courts have further held that even if Rehaif did announce a new rule, it was not one made retroactively applicable to cases on collateral review. See, e.g., Palacios, 931 F.3d at 1315. While the Eighth Circuit has never addressed the issue directly, most district courts in this circuit have concluded that Rehaif did not announce a new constitutional rule that can be applied retroactively on collateral review.[1]

Even assuming that Rehaif applies retroactively, it would not apply in this case because Pryor's claim is procedurally defaulted. Pryor states that he did not raise a claim about the scienter requirement under § 922(g) and § 924(a)(2) because he "was not aware of Rehaif until the case was [decided] (June-19-2019) in the Supreme Court of the United States." The government characterizes this statement as a futility argument and cites the Supreme Court's holding that "futility cannot constitute cause if it means simply that a claim was 'unacceptable to that particular court at that particular time,'" unless the claim was "so novel that its legal basis [was]

---

[1] The District of Minnesota has concluded that Rehaif applies retroactively on collateral review. See United States v. Bugh, 459 F.Supp.3d 1184, 1189 (D. Minn. 2020).

not reasonably available to counsel." Bousley, 523 U.S. at 622-23 (citations and internal quotation marks omitted). The government further contends that because "the question presented in Rehaif was repeatedly litigated over the past three decades, it does not qualify under the novelty exception." Several district courts have advanced this argument. See, e.g., Cross v. United States, 2020 WL 7062686, at *6-8 (N.D. Iowa Dec. 2, 2020) (knowledge of status is not a novel legal claim even though the Eighth Circuit had previously addressed and rejected the argument because the issue was still being litigated in other circuit courts); Ramsey v. United States, 2020 WL 5230891, at *10 (E.D. Mo. Sept. 2, 2020) ("The question presented in Rehaif was thoroughly and repeatedly litigated in the courts of appeals over the last three decades, and as such, it does not qualify under the novelty exception."); Mujahidh v. United States, 2020 WL 1330750, at *3 (W.D. Wash. Mar. 23, 2020) ("The issue in Rehaif…was not "so novel" at the time of [the defendant's] plea and sentencing so as not to have been available to counsel…Indeed, the issue was litigated in federal courts across jurisdictions for many years prior to [his] indictment and guilty plea"). However, other courts have disagreed. See, e.g., United States v. Torres, 2020 WL 5518606, at *3 (D. Nev. Sept. 14, 2020) (defendant established cause for failure to raise Rehaif claim on direct appeal because "[a]t the time, Ninth Circuit law found in opposite to Rehaif"); Rosario Figueroa v. United States, 2020 WL 2192536, at *5 (S.D.N.Y. May 6, 2020) ("cause exists when the Supreme Court

overturns a longstanding and wide practice as to which a near unanimous body of lower court authority had expressly approved but as to which the Supreme Court had not spoken") (citations and internal quotation marks omitted).

Even assuming that Pryor sufficiently demonstrated cause for failing to raise his claim on direct review, he has not demonstrated prejudice because he has not established that he suffered "actual and substantial disadvantage" as a result of the Rehaif error. United States v. Frady, 456 U.S. 152, 170 (1982). He does not suggest that he would not have pleaded guilty if he had known about the scienter issue addressed in Rehaif, or that the government would have been unable to prove his knowledge of his status as a felon. Even if he had made such a claim, however, it would be undercut by the fact that he previously served more than three years in prison. See, e.g., United States v. Owens, 966 F.3d 700, 707 (8th Cir. 2020) ("There would have been no doubt that Owens, after serving twenty-two years in prison for murder and other felonies, was aware of his status as a person convicted of an offense punishable by more than a year in prison"); United States v. Welch, 951 F.3d 901, 907 (8th Cir. 2020) ("Welch has received and served several prison sentences longer than one year for felony convictions. It is not reasonably probable that, if the government had to prove Welch's knowledge of a previous conviction [of a felony]…he would have been acquitted") (citations omitted); United States v. Hollingshed, 940 F.3d 410, 415-16 (8th Cir. 2019) (concluding that defendant knew

he was a convicted felon at the time he unlawfully possessed a firearm not only because he stipulated at trial that he had previously been convicted of a crime, but also because he previously served four years in prison for a drug offense, in addition to a subsequent 15 month sentence after his supervised release was revoked). Thus, the cause and prejudice exception does not apply.

The fundamental miscarriage of justice exception also does not apply. To satisfy the miscarriage of justice standard, the petitioner must make a claim of actual innocence that is both "credible" and "compelling." Schlup v. Delo, 513 U.S. 298, 324-35 (1995). To be considered "credible," the claim must be supported by "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." Id. at 324. The "new reliable evidence" must establish a new factual basis of innocence, not merely present a different legal argument. Bousley, 523 U.S. at 622. For the claim to be "compelling," the petitioner must demonstrate "that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." Schlup, 513 U.S. at 327.

Pryor did not raise a claim of actual innocence. His claim under Rehaif is purely legal; he has not argued that he did not know that he was a convicted felon at the time of the offense. Even if he had made such a claim, however, it would be undercut by the fact that he previously served more than three years in prison, as

discussed above.

Because Pryor's claim is procedurally defaulted and neither the cause and prejudice exception nor the fundamental miscarriage of justice exception apply to excuse the default, I will deny his motion to vacate, correct, or set aside his sentence. An evidentiary hearing is not necessary because "the files and records of the case conclusively show that the petitioner is entitled to no relief." Cheek v. United States, 858 F.2d 1330, 1333 (8th Cir. 1988) (citations omitted). Additionally, I will not issue a certificate of appealability because Pryor has not made a substantial showing of the denial of a federal constitutional right. Tiedeman v. Benson, 122 F.3d 518, 522 (8th Cir. 1997).

Accordingly,

**IT IS HEREBY ORDERED** that Melvin Pryor's Motion to Vacate, Correct, or Set Aside his sentence, [4], is **DENIED**.

**IT IS FURTHER ORDERED** that no certificate of appealability shall be issued.

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 30th day of April, 2021.

8